UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM CARINI,
    Plaintiff,

vs.                                  10- 1300

JOSEPH MATHY, et al.
    Defendants.

## MERIT REVIEW ORDER

      This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The pro se Plaintiff has filed a complaint pursuant to 42 U.S.C.§1983 against seven defendants at Pontiac Correctional Center including: Warden Joseph Mathy, Acting Warden M. Hardy, Major Kevin DeLong, Correctional Officer Haley, Correctional Officer Lindsay, Dr. Ngu and Nurse Joyce. The court notes that in the caption of his complaint, the Plaintiff also lists "IDOC, Correctional and Medical Staff, Presently and Formerly of Pontiac Corr. Ctr, Individually and in their Official Capacities..." (Comp., p. 1). It appears the Plaintiff simply meant this as a introduction to his named Defendants since he does not repeat this reference in his list of defendants nor in the body of his complaint. Therefore, the court will dismiss Defendant IDOC.

      The Plaintiff alleges that the Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his health and safety and deliberately indifferent to his serious medical needs. Specifically, the Plaintiff says he was housed with another inmate who was known to have a violent history. This inmate began to make several threats that he was going to attack the Plaintiff if he was not moved. Defendants DeLong, Haley and Lindsay were aware of this danger and the Plaintiff says he specifically asked these Defendants to move him due to his fears about his safety. Nonetheless, the Plaintiff says no action was taken and his cell mate viciously attacked him on October 6, 2008. The Plaintiff says he was taken to an outside hospital were he received 14 metal staples in his head and 4 regular stitches.

      "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). Failure to provide this protection violates the Eighth Amendment only if "deliberate indifference by prison officials [to

the prisoner's welfare] effectively condoms the attack by allowing it to happen." *Haley v Gross*, 86 F. 3d 630, 640 (7th Cir. 1996). "Thus, in order to establish the liability of a prison official, a Plaintiff must establish that the official knew of the risk (or a high probability of the risk) and did nothing." *Pope v Shafer,* 86 f.3d 90, 92 (7th Cir. 1996). "[A] negligent failure to protect an inmate from harm by fellow inmates is not actionable under the Eighth Amendment or directly under the Due Process Clause." *Lewis El v. O'Leary*, 631 F.Supp. 60, 62 (N.D.Ill.1986)**.** The Plaintiff has adequately alleged that Defendants DeLong, Haley and Lindsay violated his Eighth Amendment rights when they failed to protect the Plaintiff from an attack by his cell mate.

The Plaintiff also alleges that he did not receive proper medical care which resulted in additional injuries to the Plaintiff. The Plaintiff says Nurse Joyce attempted to remove the staples from his head without approval or supervision by a doctor and reopened the Plaintiff's wound. Dr. Ngu was called and also attempted to remove the staples causing further injury to the Plaintiff. The Plaintiff says he required additional stitches. The Plaintiff further alleges that he had to wait an extended period of time to have the additional stitches removed. The Plaintiff says Warden Mathy refused to take any action after he filed an emergency grievance concerning his medical care.

The Eighth Amendment prohibits cruel and unusual punishment and that guarantee encompasses a prisoner's right to medical care. To establish a violation, the Plaintiff must pass a two prong test. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The first prong of the test requires the Plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Farmer v Brennan,* 511 U.S. 825, 834 (1994). The Seventh Circuit has acknowledge that a "serious medical need" is far from "self-defining." *Gutierrez v Peters,* 11 F3d 1364, 1370 (7th Cir. 1997). However, the court noted that the Supreme Court clearly intended to include not only conditions that are life-threatening, but also those in which denial or delay in medical care results in needless pain and suffering. *Id.*

The second prong of the Eighth Amendment test requires the Plaintiff to show that the defendants acted with deliberate indifference*. Farmer,* 511 U.S. at 828. "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42)

It is not clear that the Plaintiff's allegation rises to the level of a constitutional violation. The Plaintiff is admonished that the Eighth Amendment is not a vehicle for a medical malpractice claim nor a mere disagreement with a doctor's medical judgement. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987) Nonetheless, whether or not the Plaintiff can demonstrate a violation of his constitutional rights is a matter best left for a summary judgement motion. Therefore, the court finds that the Plaintiff has articulated a violation of his Eighth Amendment rights based on deliberate indifference to his serious medical condition.

The Plaintiff has also alleged that the Defendants violated his Fourteenth Amendment rights, but has failed to articulate this claim in his complaint. Furthermore, the Plaintiff has stated claims against the Defendants in their individual capacities, but not their official capacities. It is well established that suits against governmental officers in their official capacities are actually claims against the government entity which employs those officers. *Kentucky v Graham,* 473 U.S. 159, 167 (1985). Since §1983 does not recognize the theory of respondent superior as a basis for liability, a plaintiff must allege that he or she suffered injuries of a constitutional magnitude as a result of an official policy, custom or practice in order to prevail on an official capacity claim. *Monell v. Department of Social Services,* 436 U.S. 658 (1978). The Plaintiff has made no such allegations, therefore any attempts to hold the Defendants liable in their official capacities must fail.

The court finally notes that the Plaintiff has filed a motion for appointment of counsel. [d/e 3]. In considering the plaintiff's motion, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff claims he has attempted to contact several attorneys, but none have agreed to represent him. The Plaintiff provides a list of seven firms he claims to have contacted, but has not provided copies of any letters he sent or received. The Plaintiff also says he has no money to pay for counsel and that he suffers from various medical conditions. The Plaintiff has not provided evidence of any specific medical condition.

The Plaintiff's motion is denied. [d/e 3] The Plaintiff appears competent to represent himself at this stage of the litigation. His previous filing have been on point. The Plaintiff can state what efforts he made to inform the Defendants of the threat from his cell mate and he can state any other way the Defendants might have known of the threat from this individual. The Plaintiff can also testify to any delay in medical treatment. Furthermore, the Plaintiff may utilize any of the discovery methods prescribed in the Federal Rules of Civil Procedure, subject to the same terms and conditions as any other civil litigant. The Plaintiff may submit his written interrogatories for the Defendants to defense counsel. *See* Fed.R.Civ.P. 33. The Plaintiff may also submit requests for production of documents to defense counsel. *See* Fed.R.Civ.P. 34. If the Defendants do not properly respond to the Plaintiff's requests for relevant information, he may then file a motion with the court to compel discovery. *See* Fed.R.Civ.P. 37.

**IT IS THEREFORE ORDERED:**

**1) The merit review hearing scheduled for December 16, 2010 is canceled. Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the Plaintiff states the following federal claims:**

> **a) Defendants DeLong, Haley and Lindsay violated his Eighth Amendment rights when they failed to protect the Plaintiff from an attack by his cell mate.**

   b) Defendants Dr. Ngu, Nurse Joyce and Warden Mathy violated the Plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk of the court is directed to dismiss Defendant IDOC.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The Plaintiff's motion for appointment of counsel is denied. [d/e 3]**

  Entered this 8th Day of December, 2010.


          s/Michael M. Mihm
       _____
           MICHAEL M. MIHM
         UNITED STATES DISTRICT JUDGE