United States District Court
Central District of Illinois
Peoria _____ Division

William Carini
Plaintiff - Pro Se
  v.                                    No. 10-CV-1300
IDoc — Staff
C/O S. Haller
C/O D. Lindsay
Defendants

## Motion to Vacate the Courts order of dismissal without Prejudice And Enter order to reinstate Plaintiffs civil action against the Defendants. And Proceed to trial

Now Comes Plaintiff William Carini Pro Se, in above captioned case, Pursuant to 42 USC Sec 1983 F.R.C.P. L.R. USDC CDIL which respectfully moves this Court upon the Plaintiffs instant motion to Vacate the Courts Aug 19th 2013 order of dismissal without Prejudice of Plaintiffs civil action. And to enter such order thereof to Reinstate Plaintiffs civil action against the defendants and allow Plaintiff to justly proceed to trial in this Cause on the merits of the Plaintiffs issues raised of his constitutional right of the Eighth Amendment being violated by the defendants

In Support:

1) Plaintiff' Civil action pursuant to 42 USC Sec 1983 was filed Sept 30th 2010 (Doc #1)

2) The above captioned action is a Section 1983 Prisoner Civil rights claim - complaint.
In which the Plaintiff William Casino prose stated that his constitutional rights had been violated while imprisoned at the Pontiac Corr Ctr.
Where its been shown upon Plaintiff complaint with supporting documents attached. To which this Courts merit reviews has found and ruled that Plaintiff has worthy claims to proceed on.
In that defendants, corr officers C/O Joshua Ashley and C/O David Lindsay to the point of bring the cause that defendants to trial. The defendants had violated Plaintiff' Eighth Amendment rights. Where both defendants had failed to protect the Plaintiff even while he was housed in Protective custody status unit. With defendants failing to protect Plaintiff from an unprotected(inmate) attack upon Plaintiff on Oct 6th 2008.
Where Plaintiff was seriously injured and had sustained injuries of physical damage to his person and that of Plaintiff' emotional and mental state of status.
To which the defendants deny in whole that they in any way failed to protect Plaintiff.

(2)

3) Where on Aug 19th 2013 with all Parties being Present in open court assumingly set to proceed to Pick a Jury to proceed to trial.

Where upon certain Proceedings were heard by the Court of the Pro Se Plaintiff oral ail of final additional motion upon new reasoning arguement for the Court to appoint plaintiff counsel for trial. which the Court had then denied.

further on aug 19th as set forth in reasoning in the followim to explain the Plaintiff' actions at that time of plaintiff having then by oral motion to the court requested to withdraw his civil action and to be granted withdrawal — dismissal without presudice to plaintiff timey movm to reinstate or being imposed jury costs

Where after long comments, arguements and responses by both Parties and the Court. much of which plaintiff was either aware of as possible processes nor which plaintiff completely had in whole or part. understood. as plaintiff was prose and not having any legal training to proceed in the federal court system. As this Captioned Cause of action 05-cv0- plaintiff' first and only time filing such civil rights complaint in the federal court system.

thereafter the court proceeded and had entered an order (text order only) to dismiss the plaintiff' civil action without presudice

(3)

4) On Aug 28th 2013, the defendants filed motion upon Plaintiff for the Court to impose jury costs (Doc # 116)

5) On Sept 11th 2013, Plaintiff filed various motions
  ① Motion for transcript of proceedings of Aug 19th 2013
  ② Motion for time for Plaintiff to file response to defendants motion to impose jury costs.
  ③ Motion of intent to file motion to vacate courts order of dismissal and enter order to reinstate civil action to proceed to trial
  (Doc #'s 117  118  119)

6) On Sept 24th 2013 defendants filed response motion (Doc # 120) re: to Plaintiff's motion (Doc # 119) of Plaintiff's intent to reinstate his civil action.

7) On Feb 10th 2014, Plaintiff filed additional various motions
  ① Motion for notices to issue that be transmitted to Plaintiff of filing fee payments in fact being received by the Clerk of Court.
  ② Motion for the Court to rule or show cause to deny Plaintiffs prior filed motion (Doc # 119) in request for copy of transcript to proceeding 8-19-13
  ③ Plaintiff response to defendant (Doc # 116) motion to impose jury costs.

(4)

8) Upon the Plaintiff being forced to file his above stated (3) motions on Feb 10th 2014. Additionally this instant motion.

Plaintiff respectfully reminds the Court, that Plaintiff is_has proceeded on these motions without the benefit beforehand of Review of the Aug 19th 2013 Court Proceedings transcript.

Transcript, which Plaintiff has now motioned in request for copy of in two pleadings directly and pending before this Court.

As such, Plaintiff would ask leave of this Court whereupon when Plaintiff is provided a transcript and reviewed thereof. And as Plaintiff may see fit to justly move to amend his present motions and responses directly to the defendants motion to impose jury costs.

Defendants response to Plaintiff' motion of intent to reinstate action. And

Plaintiff's more formal motion to vacate dismissal order and have his action reinstated.

9) As this court had prior been made aware, and to remind this court in reasoning of Plaintiff's prior request to withdraw his action in this court.

Where part of Plaintiff's reasoning stemed from that at all times and in conjunction with these court proceedings, Plaintiff had also been and still but to lesser degree overly burdened in mind and body also proceeding pro se Petitioner upon post conviction relief petitions matters in (two) state court (Lake County IL and Cook County IL) proceedings.

① To which Petitioner Lake County Conviction, the Petitioner stands wrongfully convicted as petitioner is actually innocent in this cause. To which this Petitioner has finally obtained Pro Bono Counsel to proceed on his behalf in remaining proceedings in Lake County IL court system.

② To which Petitioner Cook County Conviction, although his efforts to obtain Pro Bono Counsel in this cause as well continues. But at present Petitioner is still forced to proceed pro se. And is currently set and setting ready for court writ to proceed in his Cook County post conviction petitions on March 7th 2014. As Petitioner's Cook County Conviction is the case to which this Plaintiff is currently imprisoned and under life term without parole. As it would go without saying these proceedings are highly important to Petitioner as are his own actions before this Courts. All of which imposes a serious burden for this pro se Plaintiff-Petitioner to proceed on, but which he must

(6)

10) The defendants suggest to argue that it only appears plaintiff is motivated to reinstate his cause for trial to avoid imposition of costs.

To which upon this instant motion plaintiff replies poppy-cock and was made aware during Aug 19th 2013 proceedings that there was no provision to barring imposition of jury costs if the trial proceeds or not or at later date if reinstated.

Further plaintiff has filed his response directly to defendants motion for imposed costs.

Wherein and of such reality — In sum plaintiff responded defendants cant get costs from such a plaintiff as I, doing life without parole who has no cost-funds to sue or be taken. Who has no job afforded him nor means of any known steady income other than his inmate state pay monthly of $10.00 to which 20% is already taken from plaintiff to pay down his court filing fees. Moreover plaintiff if he lives that long, will be in his 70's before his court filing fees are paid in full.

Further if plaintiff was to be denied his monthly state pay for any number of various reason that can deny him his state pay. Plaintiff would get no state pay as such the court wouldnt even get his now 20% towards paying down court filing fees.

However, if in the unlikely hood, plaintiff was

(7)

to lose his cause at trial on the merits of his claims, and costs so imposed. Plaintiff would justly adhere to costs imposed and see to it that an additional 20% be taken from his Inmate-monthly state pay given to pay down such costs imposed to which plaintiff already 51 years old and of ill health concerns will never live long enough to see costs paid in full so he asks of the defendants — what's the point of imposed costs.

11) On Aug 19th 2013. A trial was scheduled to proceed with a panel of prospective jurors for voir dire. The defendants and their counsel were present and answered ready to proceed.
Plaintiff was also present in open court and was hopeful to proceed.
Where Plaintiff Pro-se made a 4th and final request by oral motion with new arguments for the court to appoint counsel, which the court then denied.

(8)

12) Where Plaintiff than having justified apprehensions to proceed forth. After weighing various legal issues. and factors otherwise of the reasons that follow with concern overall to that of Plaintiff' continued safety + security. and of living placement conditions, general status where of once hopefully escort-transported safely back to the correctional center.

Plaintiff' concerns were an issue no matter if he won or lost his case.

Plaintiff at that time on side of personal caution asked some questions of the court in concern to possible motion to withdraw his civil action at that time and if or not it would be with or without prejudice. As if or not being later barred to move in reasonable manner to reinstate action. Its here where Plaintiff only really became partly knowledgeable and from the defendants, statements to the Court of defendants possibly seeking to impose costs on Plaintiff if he move to withdraw. All information obtained + consider correctly or not but this unschooled pro se Plaintiff. He then moved to withdraw his suit. And the court so granted dismissal and without prejudice

(9)

13) Plaintiff at Aug 19th 2013 Proceeding due to additional events only having taken place that morning. Then formed in Plaintiff's mind clear person reasons some which the Plaintiff feared to express-voice in open court and in hearing of the defendants. Moreover Plaintiff's escort staff which was two correctional officer from Pontiac Corr Ctr.

However, but justly for the following reasons and such within reasonable timely manner and as shall be justly allowed pursuant to Rules Provided.

Plaintiff must now move this Court to vacate the Courts Aug 15th 2013 dismissal order. And now for the Court to enter an order to reinstate Plaintiff's Civil action suit (Doc #1) wherein to proceed and bring the defendants to trial on the merits of the Plaintiff's claims.

As no Court or jury has found Plaintiff's claims filed to be frivolous or made in bad faith. As the defendants by no means are the prevailing party on the raised issues of merit which have yet to be put on trial. Additional reasoning as to why defendants are not entitled to costs imposed as of yet if at all. As the Plaintiff is by no means the losing party just cause Plaintiff moved with personal safety caution to withdraw his suit

(10)

As the issues of Plaintiff' suit are un-resolved to a proper final judgement. there remains a conflict and still living record of controversy between the parties that needs to proceed to trial + judgement.

14) Just days before trial Plaintiff received notice of appearance of and chair counsel from IL Atty general' office Atty H+a me. who was going to also be counsel for defendants. even though both defendants were already represented by counsel from IL Atty general' office of counsel Assist Atty gen C. Hoggerson

Plaintiff rightfully saw + feared this was a, if or not proper, but just the same a tactical move to unfair advantage over Plaintiff. being indigent inmate pro se and unscholed in the art of law process. Defendants added tactical advantage to overwhelm and confuse Plaintiff with court process & motions and constant objections during trial to unjustly prevent Plaintiff from meaningfully presenting his case.

(11)

15) Just prior to trial plaintiff was denied certain Discovery requests. Pursuant to the defendants filed Pre-trial order of listed exhibit to be used at trial by defendants,

which plaintiff felt left him unable to fully proceed to trial without proper knowledge of the discovery listed as exhibit for trial by defendants.

Plaintiff left without means to review or file a timely motion In Limine to restrict defendants use of such listed exhibits, denied discovery of to the plaintiff.

or manner for plaintiff to fully pre-pare additional Motions In Limine of plaintiffs criminal history and prison records generally and directly of any records of disciplinary action taken against plaintiff

Additionally - discovery denied, pursuant to may 16th 2012 Case management order - Court held that defendants response to plaintiff) motion to compel-discovery which had asked for the current location of plaintiff' inmate witness. which defendants objected to stating that plaintiff may call Idoc inmate witness at trial was a sufficient response.

which in sum had denied plaintiff means to a pre-trial interview of his occurrence inmate witness of Edward Buie and that of any other of plaintiffs or defendants witnesses.

(12)

16.) At time of trial, pursuant to pre-trial hearing and order plaintiff was still unclear if he could-would be even allowed to present for testimony that of plaintiff' inmate occurrence witness.

Or if he could move to conduct pre-trial interviews of his witness or that of the defendants.

In line with calling witnesses, plaintiff was unschooled that he would be required to call his witnesses in such manner of chronological order as listed on pre-trial order.

17) That neither plaintiff either by subpoena or that of request by the Clerk of the Court was made timely for trial, obtain the appearance of plaintiff' most surely important witness of one Doctor Patrick Dowling who had treated plaintiff' injuries from his being attacked.

And plaintiff shall be given a fair and meaningful chance to do so obtaining Doctor Dowling present for testimony at a trial to proceed in this cause.

(13)

18) Plaintiff at time of trial was unschooled in the legal understanding to the difficult and subtle question of state of mind required for showing of defendants deliberate indifference. As there as issue one of being too complex for this Pro Se Plaintiff? Real understanding and of manner of presenting to a jury.

  Notion: that the Court had denied appointment of Counsel after Plaintiff has present arguments to this issue.

19) Plaintiff being unschooled and not fully prepared to understanding to stipulate to such any authenticity and admissibility of any documents presented to be introduced into evidence especially those documents discovery or otherwise provided by the defendant.

20) On the morning of trial within minutes of Plaintiff taking a seat, he was presented with an abundance of new documents to review prior to trial and prior to picking a jury.

  Documents which included defendant c/o Lindsay' amended responses to Plaintiff's first set of interrogatories.

  Also Plaintiff was handed additional documents of the courts own proposed jury instructions along with folder and booklet of proposed juries

(14)

It was a factor of plaintiff receiving on morning of trial for assumed expected review during the course of procedure being conducted, of this abundance of new document information. And an amount of which plaintiff was in no way able to review - understand or proceed on- with as a normal scheduled counsel would be able to.

Plaintiff being unscheduled, inexperienced overwhelmed not only from new abundance of document information he was presented with. But overwhelmed by mental distress, strain and fatigue from the process it self, but also from battles of ill health, and needed adjustments to new medications plaintiff was under doctors care for. In sum, plaintiff was frozen in fear to being able to try his case pro se. And fearful to justly ask the court for such needed continuance due to the factors and reasoning as set forth herein.

21) On Aug 8th 2013, this court had issued (plaintiff received copy) an order of a writ of habeas corpus ad testificandum to the united states marshal service. As the writ so stated to order that the U.S. marshal service was commanded to produce the plaintiff's person for place of trial in this cause on Aug 15th 2013. before this court.

Where,

(15)

United States District Court
Central District of Illinois
Peoria ___ Division

William Carini  )
Plaintiff - Prose )
           )
v.         )    No. 10-CV-1300
           )
IDOC - Staff )
c/o S. Haller )
c/o D. Lindsay )
Defendants )

Notice of Filing — Certificate of Service

Please take notice that on February 11th 2014 I the Plaintiff in the above captioned, have Electronically filed the Plaintiff's Instant: Motion to Vacate the courts order of dismissal without prejudice. and enter order to reinstate Plaintiff's Civil action against the Defendants.

Using the CM-ECF system which sends notices of such filings to systems registered participants. As parties counsels are in this cause.

Affidavit

State of Illinois )
County of Livingston )

Under penalties pursuant to 28 USC sec 1746 + 735 ILCS 5/1-109 I hereby certify that the foregoing and any documents attached to be true + correct to best of my information + belief

February 11th 2014

Affiant
William Carini
William Carini # N51235
Pontiac Corr Ctr Box 99
Pontiac IL 61764

(18)